# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALBERT CHANG,
                Appellant,

v.

DEPARTMENT OF AGRICULTURE,
                Agency.

DOCKET NUMBER
DC-0752-22-0446-I-1

DATE: April 4, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Albert Chang</u>, Potomac, Maryland, pro se.

<u>Sandra Santos</u>, Fairfield, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal claiming harassment and retaliation for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We AFFIRM the initial decision except as expressly MODIFIED as follows: (1) we VACATE the administrative judge's finding that the appellant made only generalized allegations and sweeping conclusions; and (2) we VACATE the administrative judge's reasoning pertaining to the agency's termination of the appellant's accused harasser.

## BACKGROUND

The appellant retired from his position as a GS-14 Supervisory Financial and Loan Business Specialist in Washington, District of Columbia, in December 2021. Initial Appeal File (IAF), Tab 1 at 1, 7, Tab 7 at 18. He filed an equal employment opportunity (EEO) complaint asserting that he was forced to retire due to discrimination based on his race and national origin and retaliation for prior opposition to harassment. IAF, Tab 1 at 8-44. He received a final agency decision in May 2022. *Id.* This appeal followed. *Id.* at 1, 3.

The administrative judge issued a jurisdictional order providing notice to the appellant that his appeal would be dismissed absent a nonfrivolous allegation that his retirement was involuntary. IAF, Tab 5 at 2. Following the parties' submissions, IAF, Tabs 6-8, the administrative judge dismissed the appeal for lack of jurisdiction without holding the appellant's requested hearing, IAF, Tab 9, Initial Decision (ID) at 11.

The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 3, and the agency has responded in opposition to his petition, PFR File, Tab 4. The appellant has replied to the agency's response. PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

In the initial decision, the administrative judge found that the appellant did not allege facts which, if proven, could establish that his decision to retire was involuntary. ID at 10-11. On review, the appellant reasserts that he had no choice but to retire because he had been subjected to a hostile work environment since May 2020. PFR File, Tab 3 at 6, Tab 6 at 4-5; IAF, Tab 1 at 5.

An employee-initiated action, such as a resignation or retirement, is presumed to be voluntary and generally is not an appealable adverse action. *See Shoaf v. Department of Agriculture*, 260 F.3d 1336, 1340-41 (Fed. Cir. 2001). However, the Board has jurisdiction over an employee-initiated action as a "constructive" adverse action under 5 U.S.C. chapter 75 if the appellant establishes the following: (1) that he lacked a meaningful choice, and (2) this was because of the agency's improper actions. *See Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 11 (2013) (setting forth a two-part jurisdictional standard as a unifying principle for all constructive adverse action appeals). To obtain a jurisdictional hearing, the appellant must make nonfrivolous allegations of a constructive adverse action. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 642-43 (Fed. Cir. 1985); *Bean*, 120 M.S.P.R. 397, ¶¶ 11, 14. An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that (1) is more than conclusory; (2) is plausible on its face; and (3) is material to the legal issues in the appeal. 5 C.F.R. § 1201.4(s).

Turning to the appellant's allegations, he has been treated for depression and retired for the sake of his mental health in response to unbearable harassment based on his race or national origin that went unaddressed by his agency. IAF,

Tab 6 at 4. He did not allege any specific medical restrictions that were incompatible with his assigned duties. *Cf. Bean*, 120 M.S.P.R. 397, ¶¶ 11-13 (explaining that the first part of the two-part jurisdictional standard is met if an appellant has no option but to work outside of medical restrictions). Nevertheless, we examine the appellant's factual allegations to determine whether he has presented a plausible claim the agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in the appellant's position would have felt compelled to retire.[2] *See Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 12 (2009); *see also Bean*, 120 M.S.P.R. 397, ¶ 11 (explaining the first part in the two-part jurisdictional requirement in constructive adverse action appeals—that the appellant lacked a meaningful choice).

We disagree with the administrative judge's statement that the appellant made only generalized allegations of harassment and discrimination and presented sweeping conclusions, not facts. ID at 9. The appellant supplied the final agency decision on his EEO complaint, which contains his specific factual allegations. IAF, Tab 1 at 8-44. Namely, the appellant set forth specific emails from the accused harasser[3] and specific conduct by the accused harasser in meetings. *Id.* For example, the appellant alleged that his colleague harassed him by not capitalizing the first letter of his name in several emails, assigning 55 projects to his staff without his consent, refusing to meet with him on work-related matters, requesting via email that the appellant stop emailing him, and interrupting the appellant's discussion of a technical issue during a meeting by yelling, "this is ridiculous!" IAF, Tab 1 at 9, 26, 28. The appellant also set forth details regarding his complaints to managers about the alleged harassment as well as the

---

[2] At the jurisdictional stage, we consider the appellant's allegations of race discrimination or retaliation only insofar as they relate to this issue. *See Pickens v. Social Security Administration*, 88 M.S.P.R. 525, ¶ 6 (2001); *Markon v. Department of State*, 71 M.S.P.R. 574, 577-80 (1996).

[3] These emails are evidenced in the agency's file. IAF, Tab 7 at 48-59, 62-64, 73-85.

ways in which they failed to appropriately address his complaints. IAF, Tab 1 at 5, 12-13, 26-33, Tab 8 at 6-7, 11. Therefore, we vacate the statement in the initial decision. Nevertheless, the administrative judge discussed the appellant's specific factual allegations as background and appears to have considered them in his decision. ID at 2-4, 10-11. We agree with his conclusion that the facts described by the appellant did not rebut the presumption of the voluntariness of his retirement because a reasonable person in his position would not have felt compelled to retire under such circumstances. ID at 10-11.

Significantly, the administrative judge reasoned that the departure of the appellant's accused harasser from the agency in early September 2021, a few months prior to the appellant's December 2021 retirement, made his allegations of an ongoing intolerable working conditions implausible. ID at 9; IAF, Tab 8 at 6-7. We generally agree with this reasoning. Events temporally close to an employee's retirement are usually the most probative evidence of involuntariness. *See Shoaf*, 260 F.3d at 1342-43 (recognizing, however, that all events must be considered in context, i.e., as part of the totality of the circumstances). Here, the main cause of the alleged hostile work environment was no longer a factor by the time the appellant decided to retire. IAF, Tab 1 at 5, Tab 7 at 38. We note that the appellant alleged, however, that his depression continued through his retirement because of the agency's mishandling of its anti-harassment policy. IAF, Tab 1 at 5, 13-15, Tab 8 at 6-8; PFR File, Tab 3 at 4-6. He alleged that Human Resources refused to supply him with a report of its investigation into his harassment complaint; an unrelated EEO decision issued in November 2021 found a violation of the Rehabilitation Act in another division headed by his supervisor; and, upon being told by the appellant that he was considering retirement, his supervisor suggested that he wished him to leave quietly. IAF, Tab 1 at 5, 13-15, Tab 8 at 6-8. We find that these circumstances, considered in the context of all the other events alleged by the appellant beginning in May 2020, could not be viewed as so difficult or unpleasant as to compel a reasonable person to retire.

IAF, Tab 1 at 5, 9. Thus, the first part of the two-part jurisdictional standard in *Bean* is not met. *See Bean*, 120 M.S.P.R. 397, ¶ 11. We need not address the second part, i.e., the agency's culpability, in this case. *Id.*

We modify the administrative judge's decision in one other, minor respect. We vacate the administrative judge's reasoning that the agency's termination of the appellant's accused harasser undermined his assertion that the agency failed to respond to his complaints such that he had no choice but to retire. ID at 9-10; IAF, Tab 8 at 6-7. As the appellant noted correctly in his petition for review, the agency did not terminate the appellant's accused harasser:  he separated from the agency under 5 C.F.R. § 715, which covers non-disciplinary separations, and began employment at another Federal agency. PFR File, Tab 3 at 5, 9; IAF, Tab 7 at 38, 70, 98, 101. This factual finding is immaterial to our conclusion that the appellant has not presented nonfrivolous allegations of working conditions under which a reasonable employee would have felt compelled to retire.

Lastly, the appellant submits evidence for the first time in his petition for review. He presents evidence of his antidepressant medications, which he states were prescribed for symptoms caused by the alleged harassment. PFR File, Tab 3 at 4-5, 7-8. He also submits a March 2022 memorandum from the agency's human resources office, which clarifies information already in the record about his accused harasser's separation from the agency. PFR File, Tab 3 at 9; IAF, Tab 7 at 98, 101. We decline to consider evidence submitted by the appellant for the first time with his petition for review because he has not shown that it was unavailable before the close of the record before the administrative judge. *See Chin v. Department of Defense*, 2022 MSPB 34, ¶ 8; *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). In addition, the new evidence is not of sufficient weight to warrant an outcome different from that of the initial decision. *See Spivey v. Department of Justice*, 2022 MSPB 24, ¶ 15; *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

Thus, we affirm the initial decision, which dismissed his appeal for lack of jurisdiction, as modified.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:          *Gina K. Grippando*
                        _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.